IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH CHARGING HAWK,

                                          ORDER

             Plaintiff,

                                       03: 07-cv-01500-bbc

   v.

UNITED STATES OF AMERICA,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under the Federal Tort Claims Act, plaintiff Joseph Charging Hawk alleges that prison officials at the Federal Correctional Institution in Oxford, Wisconsin confiscated or lost his personal property when he was placed in the Special Housing Unit at the institution. Defendant's motion for summary judgment is now pending before the court.

      After defendant's motion for summary judgment was fully briefed by the parties, the United States Supreme Court issued its decision in <u>Ali v. Federal Bureau of Prisons</u>, — S. Ct. —, Case No. 06-9130, 2008 WL 169359 (Jan. 22, 2008). In <u>Ali</u>, the Court determined that 28 U.S.C. § 2680(c) prohibited a federal prisoner from bringing a claim under the Federal Tort Claims Act after his personal property was lost or misappropriated during his

1

transfer between two prisons.

As a general matter, the federal government may be sued only when it consents to waive its sovereign immunity. In passing the Federal Tort Claims Act, Congress consented to allow individuals to sue the government for claims arising out of torts committed by federal employees. However, this consent is limited by the terms of the statute. Section 2680(c) of the Act provides that the waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." In Ali, the Supreme Court determined that "law enforcement officer" as used in this section of the statute includes officers of the Federal Bureau of Prisons. Therefore, the Court held that the prisoner in that case was barred from bringing a Federal Tort Claims Act claim against the United States to recover monetary damages for his lost property.

I read the Supreme Court's holding in Ali as requiring dismissal of plaintiff's lawsuit on the ground that the Federal Tort Claims Act does not provide prisoners a cause of action for the detention of their personal property. However, plaintiff has not had an opportunity to try to show why the holding in Ali might not apply to his lawsuit. Therefore, before dismissing plaintiff's claim, I will provide him with an opportunity to show cause why dismissal might be improper.

ORDER

IT IS ORDERED that plaintiff Joseph Charging Hawk has until February 26, 2008, in which to show cause why this case should not be dismissed because this court lacks jurisdiction to hear his claim under the Federal Tort Claims Act, as explained in <u>Ali v. Federal Bureau of Prisons</u>, — S. Ct. —, Case No. 06-9130, 2008 WL 169359 (Jan. 22, 2008). If, by February 26, 2008, plaintiff fails to respond to this order, I will enter an order dismissing this case.

Entered this 11th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge