IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH CHARGING HAWK,

                                              ORDER

                Plaintiff,

                                              07-cv-0150-bbc

    v.

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under the Federal Tort Claims Act, plaintiff Joseph Charging Hawk alleges that prison officials at the Federal Correctional Institution in Oxford, Wisconsin confiscated or lost his personal property when he was placed in the Special Housing Unit at the institution.  On January 22, 2008, while defendant's motion for summary judgment was pending before this court, the United States Supreme Court issued its decision in Ali v. Federal Bureau of Prisons, — S. Ct. —, Case No. 06-9130, 2008 WL 169359 (Jan. 22, 2008).  In Ali, the Court determined that 28 U.S.C. § 2680(c) prohibited a federal prisoner from bringing a claim under the Federal Tort Claims Act after his personal property was lost or misappropriated during his transfer between two prisons.  Id.

      Because I read the Supreme Court's holding in Ali as requiring dismissal of plaintiff's

1

lawsuit on the ground that the Federal Tort Claims Act does not provide prisoners a cause of action for the detention of their personal property, I ordered plaintiff to show cause why his case should not be dismissed on that ground.

Plaintiff has now responded to the order to show cause. He appears to concede that the decision in Ali requires dismissal of his claim under the Federal Tort Claims Act. However, he asks to be granted leave to amend his complaint to include a claim against the individual officer or officers for a violation of his constitutional right to due process under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Under Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely granted when justice so requires." In determining whether a plaintiff satisfies this standard, courts consider a number of factors, including whether the amendment would be futile or cause unfair prejudice or whether the party waited too long to ask for amendment. Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922 (7th Cir. 2007). An amendment is futile if it could not survive a motion for summary judgment. Id.

When I screened plaintiff's complaint, I found that he had alleged the following facts:

On July 24, 2006, petitioner was placed in the "special housing unit" at the Federal Correctional Institution in Oxford, Wisconsin. Following his release from the unit on August 21, 2006, he received his personal property from the housing unit property officer. However, $346 worth of property was missing and no one seems to know who took it. Petitioner never received notice that his property had been confiscated as required by program statement 5580.07. Petitioner exhausted his administrative remedies. He has received a right to

sue letter from Richard Schott, Regional Counsel for respondent Bureau of Prisons.

Screening Order, dkt. #3, at 2.

Plaintiff states that "no one seems to know who took" his property. This presents two problems. First of all, despite the fact that plaintiff has asked to amend his complaint to include a claim against the individual officer or officers responsible, he does not identify who that is. If this case were just beginning, this might not be fatal to plaintiff's case. However, we are not at the beginning of the case; a motion for summary judgment has been fully briefed and trial is only two months away. Plaintiff had ample time to conduct discovery to learn who was responsible for the disappearance of his property.

Second, plaintiff contends that the taking of his property violated the due process clause but has presented no evidence (or even allegations) that suggests that the disappearance of his property was attributable to anything other than negligence. This is fatal to his bid to amend his complaint because "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

Because plaintiff has presented no evidence that amending his complaint to include a constitutional claim for denial of due process under Bivens would not be futile, his motion to amend his complaint will be denied and the case will be closed.

3

ORDER

IT IS ORDERED that the motion of plaintiff Joseph Charging Hawk to amend his complaint is DENIED. Plaintiff's complaint is DISMISSED in its entirety. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 4th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge